UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JALIL FULTON,

          Plaintiff,

    v.

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.,

          Defendant.

Case No. 6:26-cv-00782-JSS-RMN

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

## COMPLAINT ¶1:

This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

## ANSWER:

First Advantage admits that Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to recover his alleged damages, costs, and attorneys' fees. First Advantage denies that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever. First Advantage denies the remaining allegations in Paragraph No. 1 of the Complaint.

**COMPLAINT ¶2:**

Consumer reporting agencies that create background reports, like First Advantage, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT ¶3:**

When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 3 of the Complaint.

**COMPLAINT ¶4:**

The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**ANSWER:**

First Advantage affirmatively states that the Consumer Financial Protection Bureau in 2017 opined that "[c]onsumer reporting companies and furnishers have an obligation to maintain the accuracy of consumer data, but experience indicates that they lack incentives and under-invest in accuracy." First Advantage denies the remaining allegations in Paragraph No. 4 of the Complaint.

## JURISDICTION, VENUE, AND PARTIES

### COMPLAINT ¶5:

Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

### ANSWER:

First Advantage admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.  First Advantage denies the remaining allegations in Paragraph No. 5 of the Complaint.

### COMPLAINT ¶6:

Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### ANSWER:

First Advantage admits that venue is proper in this judicial district.  First Advantage denies the remaining allegations in Paragraph No. 6 of the Complaint.

### COMPLAINT ¶7:

Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, in the State of Florida; the violations described in this Complaint occurred in this District; and First Advantage transacts business within this District.

### ANSWER:

First Advantage admits that venue is proper in this judicial district.  First Advantage denies the remaining allegations in Paragraph No. 7 of the Complaint.

### COMPLAINT ¶8:

Plaintiff is a "consumer" as defined by the FCRA.

3

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 8 of the Complaint.

**COMPLAINT ¶9:**

First Advantage is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays St., Tallahassee, FL 32301.

**ANSWER:**

First Advantage admits that it is a corporation with its principal place of business in Georgia and that it is authorized to do business in Florida.  First Advantage further admits that its registered agent for service of process in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.  First Advantage denies the remaining allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

First Advantage is a "consumer reporting agency" as defined in 15 USC § 1681(f). First Advantage is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

**ANSWER:**

First Advantage admits that some of its business activities, including furnishing background reports to third parties, make it a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) as to those activities only.  First Advantage denies the remaining allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT ¶11:**

First Advantage disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**

First Advantage admits that it provides background reports to some third parties pursuant to contracts for monetary compensation.  First Advantage denies the remaining allegations in Paragraph No. 11 of the Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶12:**

Client was working in a temporary capacity with the company Compass Group (hereinafter "Compass") and decided to apply for a full-time position as a chef with the company in February.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT ¶13:**

As part of the application process, Compass used First Advantage to run a background check on Plaintiff.

**ANSWER:**

First Advantage admits that Compass Group USA, Inc. ordered a background report on Plaintiff from First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

Plaintiff was shocked when on March 16, 2026, he received the background check from First Advantage and it showed he had a felony criminal possession charge. While Plaintiff had been charged with possession, it was only a misdemeanor charge, not a felony. Because of the erroneous reporting by First Advantage, Plaintiff lost both his part time job and the slot he was applying for.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in the second sentence of Paragraph No. 14 of the Complaint.

First Advantage denies the remaining allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

The following day on Marh 17, 2026, Plaintiff emailed First Advantage to alert
them to the mistake and provided First Advantage with the Certificate of Disposition
showing that the charge was only a misdemeanor. Such record was easily ascertainable
on public records.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT ¶16:**

Plaintiff was initially pleased when on March 27, 2026, he received notice the
First Advantage background report had been updated to properly reflect the charge was a
misdemeanor.

**ANSWER:**

First Advantage admits that, in response to Plaintiff's dispute, it conducted a

reinvestigation and revised Plaintiff's report to reflect that the "Charge Type" of the

disputed criminal case was a "MISDEMEANOR." First Advantage lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

Only a short time later though, on March 30, 2026, Plaintiff received another First
Advantage report again stating he had failed in the category regarding his criminal
history.

**ANSWER:**

First Advantage admits that, in response to Plaintiff's dispute, it conducted a reinvestigation and revised Plaintiff's report to reflect that the "Charge Type" of the disputed criminal case was a "MISDEMEANOR." First Advantage denies the remaining allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

Plaintiff immediately contacted his manager inquiring as to why he had failed and his manager informed it was because of the felony charge which had appeared on the report, a misdemeanor charge would not have caused the failure.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

The full-time chef position he had been applying for is now closed and Plaintiff has been left unemployed. Plaintiff has been unable to gain even his part time job because of First Advantage's failure to provide a correct report.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph No. 19 of the Complaint. First Advantage denies the remaining allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

First Advantage failed to take basic steps to verify the details in its background reports, incorrectly listing that Plaintiff's criminal charge was a felony rather than a misdemeanor.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT ¶21:**

First Advantage clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT ¶22:**

As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Defamation as First Advantage published inaccurate information to third party entities such as Compass;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by First Advantage's careless errors;

iv.  Loss of opportunity and delays in obtaining employment;

v.   Plaintiff was denied employment with Compass he would have otherwise achieved had First Advantage maintained proper policies and procedures to ensure the accuracy of their record.

vi.  Lost wages.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 22 of the Complaint.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, First Advantage Inc. (Negligent)

## COMPLAINT ¶23:

Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully stated herein.

## ANSWER:

First Advantage restates its answers to Paragraph Nos. 1 through 22 of the

Complaint as its answer to Paragraph No. 23 of the Complaint.

## COMPLAINT ¶24:

First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and consumer files it published and maintains concerning Plaintiff.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 24 of the Complaint.

## COMPLAINT ¶25:

First Advantage allowed inaccurate information to be reported on Plaintiff's consumer file.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 25 of the Complaint.

## COMPLAINT ¶26:

First Advantage prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT ¶27:**

As a direct result of this conduct, action and/or inaction of First Advantage, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 27 of the Complaint.

**COMPLAINT ¶28:**

The conduct, action, and/or inaction of First Advantage was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 28 of the Complaint.

**COMPLAINT ¶29:**

Plaintiff is entitled to recover costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 USC § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 29 of the Complaint.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, Jalil Fulton, respectfully requests that this Court award actual damages against Defendant, First Advantage Inc., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage. To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, First Advantage Risk Solutions Inc.
### (Willful)

## COMPLAINT ¶30:

Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully stated herein.

## ANSWER:

First Advantage restates its answers to Paragraph Nos. 1 through 22 of the

Complaint as its answer to Paragraph No. 30 of the Complaint.

## COMPLAINT ¶31:

First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 31 of the Complaint.

## COMPLAINT ¶32:

First Advantage allowed inaccurate information to be reported on Plaintiff's consumer file.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 32 of the Complaint.

## COMPLAINT ¶33:

First Advantage prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 33 of the Complaint.

**COMPLAINT ¶34:**

As a direct result of this conduct, action and/or inaction of First Advantage, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 34 of the Complaint.

**COMPLAINT ¶35:**

The conduct, action, and/or inaction of First Advantage was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 35 of the Complaint.

**COMPLAINT ¶36:**

Plaintiff is entitled to recover costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 36 of the Complaint.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, Jalil Fulton, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, First Advantage Inc., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

12

## ANSWER:

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage. To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## ANSWER:

First Advantage admits that Plaintiff demands a jury trial on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jalil Fulton, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, First Advantage Inc., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

## ANSWER:

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage. To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, First Advantage's reading of its obligations

13

under the FCRA is and was objectively reasonable, and any purported violations were not willful.

## SECOND DEFENSE

To the extent Plaintiff has failed to mitigate his or her alleged damages, any recovery should be reduced accordingly.

                              Respectfully submitted,

                              FIRST ADVANTAGE BACKGROUND
                              SERVICES CORP.

                          By: */s/ Alex S. Drummond*
                              Alex S. Drummond
                              Florida Bar 0038307
                              adrummond@seyfarth.com
                              SEYFARTH SHAW LLP
                              1075 Peachtree Street, N.E.
                              Suite 2500
                              Atlanta, Georgia 30309-3958
                              Telephone:  (404) 885-1500
                              Facsimile:   (404) 892-7056

                              Attorneys for Defendant

Date:  June 10, 2026

14

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2026, I filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send e-mail notification of such filing to all counsel

of record.

/s/ Alex S. Drummond
Alex S. Drummond

325818638v.2