## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JALIL FULTON**,

   Plaintiff,

v.                                                              CASE NO.: 6:26-cv-00782-JSS-RMN

**FIRST ADVANTAGE
BACKGROUND SERVICES
CORP.**,

      Defendant.

---

## Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1.  Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

      The parties conducted the planning conference on June 17, 2026. Octavio Gomez attended the conference on behalf of Plaintiff Jalil Fulton, and Alex S. Drummond attended the conference on behalf of Defendant First Advantage Background Services Corp.

## 2.  Deadlines and Dates

      The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 07/10/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 08/13/2026 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 01/08/2027 |
| Defendant's deadline for disclosing any expert report. | 02/9/2027 |
| Deadline for disclosing any rebuttal expert report. | 03/11/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 04/9/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | NA |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 05/10/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 06/24/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 08/23/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 08/30/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 09/06/2027 |
| Month and year of the trial term. | October 2027 |

2

The trial will last approximately 1-3 days and be:

☒  jury.

☐  non-jury.

### 3.  Description of the Action

**Plaintiff:** Plaintiff alleges that the Defendant, First Advantage Background Services Corp. ("First Advantage") violated the Fair Credit Reporting Act by failing to have policies and procedures in place to ensure maximum possible accuracy of Plaintiff's background report. Due to the carelessness of the reporting, Plaintiff was denied employment.

**First Advantage:** In March 2026, First Advantage prepared a background report on Plaintiff for Compass Group USA, Inc. and included information in the report regarding Plaintiff's criminal history.  Plaintiff disputed the charge level for one of the reported criminal convictions, and First Advantage timely reinvestigated and revised the disputed information.  Even after First Advantage revised the report, however, Compass Group determined that Plaintiff was ineligible for employment due to his criminal history.

First Advantage denies that it failed to "follow reasonable procedures to assure maximum possible accuracy of [any] information concerning" Plaintiff. *See* 15 U.S.C. § 1681e(b).  First Advantage also denies that it caused Plaintiff any damages.  First Advantage further denies that Plaintiff is entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), its reading of

3

its obligations under the FCRA is and was objectively reasonable, and any purported violations were not willful.  First Advantage also contends that, to the extent that Plaintiff has failed to mitigate his damages, his recovery, if any, must be reduced accordingly.

## 4.  Disclosure Statement

☒  The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5.  Related Action

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7.  Preliminary Pretrial Conference

☒  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐  The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8.  Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9.  Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒  Yes.
    ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:

**Plaintiff:** Plaintiff anticipates needing discovery on Defendant's communications, investigations, credit reporting and policies and procedures relating to the Fair Credit Reporting Act. Plaintiff believes discovery will also be needed as to his communications, disputes and damages.

**First Advantage:**  First Advantage anticipates conducting discovery on the following subjects:

1)  Plaintiff's communications with representatives of First Advantage and Compass;

2)  Plaintiff's criminal history, employment history, litigation history, medical history related to mental health, and alleged damages;

3) The information First Advantage obtained from publicly available records; and

4) First Advantage's policies and procedures relating to the reporting of public records information.

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; Discovery may encompass electronically stored information ("ESI").  The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure.  The parties have taken reasonable measures to preserve relevant documents, including ESI, that are maintained in locations and systems where such relevant information is likely to be found in accordance with the rules.  At this time, the parties do not know of any electronic discovery issues that may arise in this action.  If an issue does arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.  The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text.

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

There are currently no issues relating to claims of privilege or work product.  The parties have agreed that they need not identify or include on any privilege log attorney-client communications or work product related specifically to this lawsuit.  For Plaintiff, such attorney-client communications began when counsel was contacted by Plaintiff, and, for First Advantage, such communications began upon the filing of this action.  Any party that otherwise withholds information from discovery on the basis of privilege shall do so consistent with the Federal Rules of Civil Procedure.

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No, however the parties have agreed to the exchange of all information, documents, discovery, and pleadings via electronic methods.

☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

JALIL FULTON

FIRST ADVANTAGE BACKGROUND SERVICES CORP

By: /s/Octavio Gomez
Octavio "Tav" Gomez
Florida Bar 0338620
Tav@theconsumerlawyers.com
THE CONSUMER ATTORNEYS PLLC
501 East Kennedy Blvd., Ste 610
Tampa, Florida 33602
Telephone: (813) 299-8537
Facsimile: (844) 951-3933

By: /s/Alex S. Drummond
Alex S. Drummond
Florida Bar 0038307
adrummond@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Date: June 17, 2026